IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                        :        CHAPTER SEVEN
                                              :
CHRISTOPHER HOWARD PAIGE and                  :        BANKRUPTCY NO.: 5-11-bk-05957-JJT
MICHELE ANNA PAIGE,                           :
                                              :
        DEBTORS                               :
                                              :
LERNER MASTER FUND, LLC,                      :        {**Nature of Proceeding**: Defendants'
                                              :        Motions for Summary Judgment
                PLAINTIFF                     :        (Docs. #96, 103, 136) and Plaintiff's Cross
                                              :        Motion for Partial Summary Judgment
        vs.                                   :        (Doc. #107) and
                                              :        Defendants' Motion to Strike (Doc. #105)}
CHRISTOPHER HOWARD PAIGE and                  :
MICHELE ANNA PAIGE,                           :
                                              :
        DEFENDANTS                            :        **ADVERSARY NO.: 5-12-ap-00067-JJT**

# <u>OPINION</u>

Cross Motions for Summary Judgment and Partial Summary Judgment have been filed by

both Debtors/Defendants, Christopher and Michelle Paige and Creditor/Plaintiff, Lerner Master

Fund, LLC.

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. The

court should state on the record the reasons for granting or denying the motion." Federal Rule of

Civil Procedure Rule 56(a), made applicable by Federal Rule of Bankruptcy Procedure 7056.

The general argument is that the material facts are not in issue, and therefore, there is an

entitlement to judgment as a matter of law. Since no answer to the Amended Complaint has yet

been filed, the only facts that are beyond dispute are those facts necessarily found by the

Delaware Chancery Court in entering Judgment against Michele Paige *et al*.[1] It is fairly clear to

---

[1] Citing its earlier case of *Haize v. Hanover Insurance Co.*, 536 F.2d 576, 579 (3d Cir.1976), the Third
Circuit Court of Appeals discussed the doctrine of collateral estoppel as follows:
    "Restatement of Judgments § 68(1) (1942) states:
        'Where a question of fact essential to the judgment is actually litigated and

me that the Delaware Court's finding of a breach of fiduciary duty did not require it conclude an actual knowledge of wrongdoing or even a gross deviation from the reasonable standards of a fiduciary as required by 11 U.S.C. § 523(a)(4). *Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754 (2013). As stated by the Delaware Court, "I conclude that it was a breach of fiduciary duty for the hedge fund manager to use the Gates [provision] solely for a selfish reason." Doc. #50-3, Exhibit A at 4 filed to Case Docket 5-11-bk-05957. In similar fashion, neither can the Delaware opinion be the basis for a finding of "willful and malicious injury" required under 11 U.S.C. § 523(a)(6). *In re Conte*, 33 F.3d 303 (3d Cir. 1994). The short of it is that, while simple negligence (or breach of contract) may support the state court decision, such rulings cannot support a finding of nondischargeability. *Haize v. Hanover Insurance Co.*, 536 F.2d 576 (3d Cir. 1976).

I find that material facts are in dispute . . . at least until such time as an Answer is filed by the Defendants. The Cross Motions for Summary Judgment and Partial Summary Judgment are denied.

The denial of these Motions renders Defendants' Motion to Strike, Doc. #105, moot.

My Order will follow.

By the Court,

Date: March 31, 2015

John J. Thomas, Bankruptcy Judge

**(CMS)**

---

determined by a valid and final judgment, the determination is conclusive
between the parties in a subsequent action on a different cause of action . . .'.
Thus, there are at least four requirements which must be met before collateral estoppel effect can
be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in
the prior action; (2) That issue must have been actually litigated; (3) it must have been determined
by a valid and final judgment; and (4) the determination must have been essential to the prior
judgment."
*In the Matter of McMillan*, 579 F.2d 289, 291–292 (3d Cir. 1978).