IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
|---|---|---|
| CHRISTOPHER HOWARD PAIGE and MICHELE ANNA PAIGE, | : | BANKRUPTCY NO.: 5-11-bk-05957-JJT |
| DEBTORS | : | |
| LERNER MASTER FUND, LLC, | : | {**Nature of Proceeding**: Defendants' Motion in Limine to Exclude Plaintiff's Evidence in Rebuttal of its own Pleadings (Doc. #97)} |
| PLAINTIFF | : | |
| vs. | : | |
| CHRISTOPHER HOWARD PAIGE and MICHELE ANNA PAIGE, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-12-ap-00067-JJT** |

# OPINION

Debtors/Defendants, Christopher and Michele Paige, have moved to exclude at trial the evidence of the Plaintiff, Lerner Master Fund, LLC, that contradicts Plaintiff's own pleading.

As was stated in *Luce v. U.S.,* 469 U.S. 38, 41, 105 S.Ct. 460, 463 (1984), "[a] reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975), states "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." In considering this Motion, I am aware that the Federal Rules of Civil Procedure instruct that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Federal Rule of Civil Procedure 15(a)(2), incorporated by reference by Federal Rule of Bankruptcy Procedure 7015. Inasmuch as it is possible that the pleading now may differ from those at the time of trial,

I conclude that any preliminary ruling in regard to the inadmissability of evidence prior to trial would be premature. Defendants' Motion in Limine is therefore denied without prejudice to raise at the time of trial.

 My Order will follow.

By the Court,

Date: March 31, 2015

John J. Thomas, Bankruptcy Judge
(CMS)

[K:\Cathy\Opinions-Orders filed 2015\5-12-ap-00067-JJT_Paige_#97_Motion_in_Limine.pdf]