IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| CHRISTOPHER HOWARD PAIGE and MICHELE ANNA PAIGE, | : | BANKRUPTCY NO.: 5-11-bk-05957-JJT |
| | : | |
| DEBTORS | : | |
| | : | |
| LERNER MASTER FUND, LLC, | : | {**Nature of Proceeding**: Debtors-Defendants' Requests for Sanctions (Docs. ##67, 139, 233, 288, and 290)} |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| CHRISTOPHER HOWARD PAIGE and MICHELE ANNA PAIGE, | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-12-ap-00067-JJT** |

# OPINION

*28 U.S.C. § 1927*

A request by Debtors/Defendants, Christopher and Michele Paige, has been made for sanctions against Lerner Master Fund, LLC, (LMF), attorneys under the provisions of 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927

This sanction should only be used in instances of serious disregard of the judicial process. *In re Prosser*, 777 F.3d 154, 161 (3rd Cir. 2015).

A bankruptcy court is authorized to issue sanctions under § 1927. *Id.*

[K:\Cathy\Opinions-Orders filed 2016\5-12-ap-00067-JJT_Paige_Sanctions.pdf]

Case 5:12-ap-00067-JJT    Doc 349    Filed 12/29/16    Entered 12/29/16 14:10:25    Desc
Main Document    Page 1 of 9

The Paiges have suggested that virtually every document filed by LMF's counsel was designed to harass the Debtors. The original Complaint filed by LMF objected to the discharge of the Debtors and also the dischargeability of a debt allegedly owing LMF from the Paiges. To impose § 1927 sanctions, a court must find counsel to have "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3rd Cir. 2002). A strong indication of bad faith is whether the claims advanced were meritless, whether counsel should have known this, and whether the purpose of the litigation was harassment. *Id*.

### *Was the Complaint against the Debtors Frivolous?*

I have, heretofore, preliminarily ruled in favor of the Paiges on the merits of the underlying Complaint. Attached hereto and incorporated herein as an Appendix is my Opinion[1] with findings and conclusions supporting the judgment attached to this sanction Opinion. Plaintiff, LMF, certainly did not prevail on its claim. Nevertheless, can I find that the claims were "meritless?"

LMF filed proofs of claim in this case against each of the Paiges for an unsecured amount in excess of $6,500,000. See Proofs of Claim Nos. 2 and 3. It was those claims which LMF sought a finding of nondischargeabilty. In the case of Michele Paige, there existed an underlying state court judgment in the amount of $6,568,400. See Proof of Claim No. 2 at Exhibit A (Order of Court filed August 26, 2011, C.A. No. 5502-CS). In the matter of Christopher Paige, an explanatory note from the Delaware State Court preceding the entry of final judgment strongly

---

[1] *In re Paige*, No. 5-12-ap-00067-JJT, Slip Copy, 2016 WL 959018 (Bankr. M.D.Pa., March 11, 2016).

hints of a finding of liability against Christopher Paige but for pleading shortcomings. See Proof of Claim No. 3 at Exhibit B (Letter dated August 24, 2011).[2] Liability alone, however, does not support a finding of nondischargeability under 11 U.S.C. § 523.

If the claim was meritorious, it could not be frivolous. The minimum standard for a meritorious claim can be found in Federal Rules of Bankruptcy Procedure 9011(b)(2)and (3).

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed. R. Bankr. P. 9011.

Since the Complaint and the Amended Complaint survived Motions to Dismiss under Federal Rule of Bankruptcy Procedure 7012, I can assume that the allegations of the Complaints were at least likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, unless counsel had no reason to make those allegations in the first instance.

The Delaware Court found Michele Paige liable for a breach of the fiduciary duty she owed LMF. *Paige Capital Mgmt., LLC v. Lerner Master Fund*, *LLC*, 2011 WL 3505355 at 43 (Del. Ch. Aug. 8, 2011). In an earlier Opinion issued in this case on the issue of liability, I wrote:

> When the original Complaint was filed in 2012, the courts were split as to the degree of culpability implicit in the term "defalcation." To some courts, a simple breach of fiduciary responsibility was sufficient. *In re Sherman*, 658 F.3d 1009, 1017 (9th Cir. 2011), *In re Uwimana*, 274 F.3d 806, 811 (4th Cir. 2001). Other

---

[2] The Delaware judgment was supported by a detailed Opinion issued after what appeared to be a lengthy trial. *Paige Capital Mgmt., LLC v. Lerner Master Fund*, *LLC*, 2011 WL 3505355 (Del. Ch. Aug. 8, 2011).

> courts concluded that there be a degree of scienter or recklessness present before one would lose the ability to discharge the debt. *In re Bullock* 670 F.3d 1160, 1162 (11th Cir. 2012), *In re Baylis*, 313 F.3d 9, 20 (1st Cir. 2002). In May of 2013, that issue was resolved when the United States Supreme Court decided *Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754, 1757, 185 L.Ed.2d 922 (2013). The Supreme Court concluded that in order for a fiduciary to lose his or her right to discharge an obligation, there must be more than mere negligence or innocent default. The Court required either an actual knowledge of wrongdoing or its equivalent or a reckless and conscious disregard that conduct will violate a fiduciary duty.

*In re Paige*, No. 5-12-ap-00067-JJT, Slip Copy, 2016 WL 959018 at 6 (Bankr. M.D. Pa. Mar. 11, 2016).

It is clear that, at the time of the initial Complaint, LMF had quite sufficient reason to argue that Michele Paige should not be discharged from her obligation to LMF. The *Bullock* Opinion certainly increased the burdens placed on LMF so as to prevail under 11 U.S.C. § 523(a)(4), but that is not to say that *Bullock* eliminated the reasonableness of LMF's action under that subsection. The degree with which a fiduciary deviates from their responsibility before the fiduciary commits a nondischargeable act is still a rather vague standard and may be considered even more problematic after the United States Supreme Court decision in *Husky Int'l Elecs., Inc. v. Ritz*, ––– U.S. ––––, 136 S.Ct. 1581, 194 L.Ed.2d 655 (2016), which appears to have expanded the term "actual fraud" as used in § 523(a)(2) on nondischargeabilty so as not to require a false representation.

Addressing allegations in the Amended Complaint that the Paiges' dischargeability should be denied as a willful and malicious injury under § 523(a)(6), what appears to have been alleged is that the Paiges drained funds from the invested accounts with actual knowledge of their wrongdoing. While this was never established at trial, the specific question critical here was whether this allegation was "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." There was, in fact, testimony from

Christopher Paige that raised significant concerns. Among the various roles he played in the Paiges' enterprises was as a financial manager, and his testimony indicated that business funds were used to pay personal expenses. I referenced these events as "sloppy bookkeeping" in my earlier Opinion. *In re Paige*, No. 5-12-ap-00067-JJT, Slip Copy, 2016 WL 959018 at 5 (Bankr. M.D. Pa. Mar. 11, 2016). While I found no improper motivation for the failure to honor corporate formalities, the commingling of business and personal expenses was a serious compromise of accepted business practice.

The Delaware Opinion made clear that Michele and Christopher operated as a team in this hedge fund enterprise. It was certainly conceivable that LMF might have been able to fashion some sort of feasible argument supporting liability by both Paiges either on a conspiracy theory, (*Gilbert v. El Paso Co.*, 490 A.2d 1050, 1058 (Del.Ch. 1984), or a participation theory, (*Walsh v. Alarm Sec. Grp., Inc.*, 95 Fed.Appx. 399 (3rd Cir. 2004) (not precedential)).

Just as in the Delaware case, the Paiges argued before me that LMF had a "personal antipathy to injure Michele Paige." The Delaware Chancellor found no support for that argument despite a chain of tasteless emails among LMF associates. *Paige Capital Mgmt., LLC v. Lerner Master Fund, LLC*, 2011 WL 3505355 at 6-7 (Del. Ch. Aug. 8, 2011). I, too, cannot find evidence in this trial of a personal antipathy against the Paiges.

### *Were the Documents filed in the Adversary Unreasonably Multiplied?*

I recognize that filings in both the main case and the adversary may be relevant. *In re Prosser*, 777 F.3d at 162. I wish to focus on the adversary action. Statistically there were numerous filings by both Plaintiff and Defendants. Generally, the Paiges filed approximately four times as many documents as LMF.

In order to find against LMF under § 1927, I must find bad faith. *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3rd Cir. 2002). The Paiges would have me focus on pre state court litigation emails between LMF associates as that evidence of bad faith. The Delaware State Court did not find those emails dispositive of any issue, and neither can I. In this bankruptcy litigation, LMF counsel has been no more than zealous and well-intentioned. I find no cause to sanction LMF counsel under 28 U.S.C. § 1927. I can find no liability attaching to LMF counsel under this section.

### *Rule 9011*

Rule 9011 requires parties and their counsel to comply with certain standards when filing documents. Those requirements are set forth in Federal Rule of Bankruptcy Procedure 9011(b), as follows:

> **(b) Representations to the court**
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"The imposition of Rule 11 sanctions[3] . . . requires only a showing of objectively unreasonable conduct." *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech.*, Inc., 57 F.3d 1215, 1225 (3rd Cir. 1995).

The Paiges argue that the allegations made in the Amended Complaint have no basis in fact or law and that counsel violated Rule 9011 by filing and later pursuing that Complaint against them.

I again turn to the lengthy Delaware State Court Opinion which outlines an intricate strategy by the Paige enterprises to prevent LMF from accessing its funds. The fact that the evidentiary record of the proceeding before me did not support the conclusion that any debts owing LMF were nondischargeable is of no moment since, a failure to prevail does not "trigger" a Rule 11 violation. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3rd Cir. 1987). The allegations in the Amended Complaint appeared likely to have evidentiary support when filed and later advocated.

It is clear that this was not a case where a creditor lost in state court and then attempted to pursue a claim in bankruptcy court. *Landon v. Hunt*, 977 F.2d 829 (3rd Cir. 1992). LMF successfully prosecuted its claim against Michele Paige and was strongly encouraged by the Delaware Court to pursue a claim against Christopher Paige should its judgment not be paid. There simply is no basis for finding liability under Rule 9011.

*Use of Inherent Sanction Power*

The Paiges would also have me utilize the inherent power of this Court to sanction LMF

---

[3] Cases decided pursuant to Federal Rule of Civil Procedure 11 apply to Federal Rule of Bankruptcy Procedure 9011. *In re Gioioso*, 979 F.2d 956, 960 (3rd Cir. 1992).

and its counsel arguing that the record is replete with evidence of bad faith. The inherent power of the court is typically utilized when other sanctioning authorities do not cover the conduct at issue. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991).

The inherent power of the court must be exercised with great restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. at 44. It oftentimes is used to address the disruption of court proceedings. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). That would not apply here where LMF counsel has, at all times, acted professionally in court proceedings.

To the extent that the Paiges maintain that advancing the Amended Complaint requires the imposition of sanctions under the Court's inherent power, that request must be denied since I have heretofore concluded that the Complaint did not violate the Rule 9011 standard of objective reasonableness and, therefore, by definition was not in bad faith. *Gillette Foods, Inc. v. Bayernwald–Fruchteverwertung, GmbH,* 977 F.2d 809, 814 (3rd Cir. 1992). If the Paiges are relying on LMF's trial conduct as a basis for the Court exercising its inherent authority, that too would fall short since, as indicated, LMF counsels' behavior through the course of the proceedings was quite restrained.

I believe the essence of the Paiges' argument supporting this claim is that LMF advanced the Complaint with as weak a case as it manifested at trial. That argument returns me back to 28 U.S.C. § 1927 which addresses vexatious proceedings, but not weak cases. "Sanctions under Section 1927 are appropriate for attorneys who engage in serious and studied disregard for the orderly process of justice and not simply those who bring weak cases." *Tr. of Bankr. Estate of Monique Faulkner v. Dowson Holding Co.*, 859 F. Supp. 2d 722, 725 (D.V.I. 2012), citing *Ford*

*v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986).

It is for these reasons that the sanction requests of the Debtors-Defendants must be denied.

My Order will follow.

By the Court,

*[signature]*

Date: December 29, 2016

John J. Thomas, Bankruptcy Judge
(CMS)